UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ALBERTO RIASCOS VALENCIA,

    Petitioner,

vs.                                        Case No. 8:07-CV-413-T-27MAP
                                               Crim. Case No. 8:03-CR-30-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, supporting memorandum, and supplement (CV Dkts. 1, 8), the Government's responses in opposition (CV Dkts. 7, 10) and Petitioner's Reply (CV Dkt. 11). Upon consideration, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and supporting memorandum (CV Dkt. 1) is DENIED.

**Procedural History**

Petitioner and five co-defendants were indicted and charged with conspiracy to possess with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One), and possession of five or more kilograms of cocaine with the intent to distribute while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §1903(a) and (g), 18 U.S.C. §2 and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two)(CR

Dkt. 1). A jury convicted all defendants as to both counts (CR Dkts. 166-171). Petitioner was sentenced to 235 months in prison (CR Dkts 168, 176). Petitioner's convictions and sentence were affirmed. *United States v. Valencia*, 169 Fed. Appx. 565 (11th Cir. 2006). Petitioner did not seek certiorari review. The Government confirms that the instant § 2255 motion is timely. (CV Dkt. 7, pp. 2-3).

## Discussion

In his § 2255 motion, Petitioner raises two grounds for relief. He contends that (1) his sentence was unreasonable, and that (2) he received ineffective assistance of counsel at sentencing and on appeal. Both claims are without merit.[1]

**Ground one: Sentence is unreasonable because it was determined and imposed in violation of the Fifth and Sixth Amendment**

In Ground one, Petitioner contends that his 235 month sentence was unreasonable in that his sentencing guideline range of 235-293 months was based on a quantity of cocaine (825 kilograms) "not submitted to the jury and proven beyond a reasonable doubt" in violation of the Sixth Amendment. (CV Dkt. 1, at 3). Essentially, Ground one raises an *Apprendi/Blakely/Booker* issue.[2]

In affirming Petitioner's conviction and sentence, the Eleventh Circuit, under a plain error standard of review, addressed and rejected Petitioner's contention that his Sixth Amendment rights were violated under *Apprendi,* pointing out that "[t]he sentence of each defendant here was not above the statutory maximum." *United States v. Valencia,* 169 Fed. Appx. at 571. That court expressly

---

[1] Ground one is the only ground raised in the prescribed form § 2255 motion. (CV Dkt. 1, at 2). In Petitioner's supporting memorandum, he includes a claim of ineffective assistance of counsel at sentencing and on appeal. (CV Dkt. 1, at 7-12).

[2] *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Blakely v. Washington,* 542 U.S. 296 (2004); *United States v. Booker,* 543 U.S. 220 (2005).

addressed the claimed *Blakely/Booker* error, finding that there was no plain error in the district court determining the applicable sentencing guidelines based on 1,816 kilograms of cocaine, notwithstanding that the jury did not make a finding as to quantity:

> There was no error. At sentencing, no defendant raised any objection to the finding that each was accountable for 1,816 kilograms of cocaine which corresponded to a base offense level of 38. Counsel for all defendants urged the Court to depart downward under (USSG) § 3B1.2 or § 5K2 asserting defendants were minor players in the conspiracy, and some defendants suggested they were less involved than other defendants, but all stated they had no other objections to the PSI. No defendant objected to the quantity of cocaine or that it was equivalent to a base offense level of 38. Accordingly, all facts set out in the PSI of each defendant are admitted as true. (Citation omitted) As defendants admitted the facts forming the basis for establishing a base offense level of 38, there is no Sixth Amendment violation under Booker.

*United States v. Valencia,* 169 Fed. Appx. at 578.

Accordingly, to the extent Petitioner raises a substantive *Apprendi/Blakely/Booker* claim, that claim may not be considered again in this § 2255 proceeding.[3] *Hidalgo v. United States,* 138 Fed. Appx. 290, 291 (11th Cir. 2005), *cert. denied,* 530 U.S. 1244 (2000); *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.").

Liberally construed, Ground one of Petitioner's § 2255 motion also presents a contention that his sentence was procedurally and substantively unreasonable. Petitioner contends that his sentence was procedurally unreasonable because the sentencing court did not recite the § 3553(a) factors before imposing sentence. (CV Dkt. 11). Further, he contends that his sentence was substantively unreasonable, citing *Rita v. United States,* 551 U.S. 338 (2007). (CV Dkt. 8). Finally, he contends

---

[3] Although the Government does not construe Petitioner's motion as raising a substantive *Apprendi* claim, this Court, broadly construing the *pro se* motion and supporting memorandum, finds that a substantive *Apprendi* claim is raised.

that his attorney was ineffective in failing to "ask the judge to consider the seven factors . . ." in §3553(a). (CV Dkt. 1, at 10; Dkt. 8, at 3).

**Procedural unreasonableness**

In conjunction with his contention that his sentence was unreasonable, Petitioner contends that the district court erred by not considering the sentencing factors enumerated in 18 U.S.C. § 3553(a). (CV Dkt. 11, at 2)("The failure for the sentencing court to consider the factors set out by congress pursuant to 3553 prevented the appeal court from reviewing his sentence as reasonable in light of the factors articulated in 3553."). This issue should have been raised on appeal. Petitioner's failure to do so constitutes a procedural default.[4] Notwithstanding, the claim has no merit.

**Procedural default/cause and prejudice**

Generally, if a challenge to a sentence is not made on direct appeal, it will be procedurally barred in a § 2255 proceeding. *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005); *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied,* 514 U.S. 1112 (1995). This procedural bar may not be overcome unless the petitioner establishes cause for the default and actual prejudice resulting from the alleged error. *Id*; *DiPietro v. United States,* 251 Fed.Appx. 606, 607 (11th Cir. 2007), *cert. denied,* 128 S.Ct. 2094 (2008)("A criminal defendant who fails to object at trial, or to raise an available ground of error on direct appeal, is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice.").[5]

---

[4] The Government does not construe the § 2255 motion as raising this claim.

[5] In an extraordinary case, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent," relief may be granted even in the absence of cause for the procedural default. *Mills v. United States,* 36 F.3d at 1055. Petitioner has not made this showing.

A defendant may avoid the need to show cause and prejudice on a procedurally defaulted claim by raising a substantive issue of ineffective assistance of counsel for failure to assert the claim. *DiPietro v. United States,* 251 Fed. Appx. at 608. Construing Petitioner's argument liberally, he contends that his attorney was ineffective in failing to challenge the reasonableness of his sentence, and that his attorney's deficient performance constitutes cause for his procedural default. (CV Dkt. 1, at 5). Petitioner's contention is without merit. Petitioner has not demonstrated deficient performance on the part of his attorney or actual prejudice resulting from any alleged deficient performance. Accordingly, Petitioner has not established cause for not raising his claim of procedural and substantive unreasonableness on direct appeal. Neither has Petitioner shown that his attorney was ineffective in failing to object to the claimed procedural error at sentencing. Finally, he has not established that a fundamental miscarriage of justice will occur if the issues are not addressed, such as his actual innocence.

Petitioner's contention regarding the court's failure to recite the § 3553(a) factors constitutes a claim of *procedural* unreasonableness. *See United States v. Ochoa-Garcia,* 2007 WL 3120315 (11th Cir. 2007)(Post *Booker*, a defendant's ultimate sentence is reviewed for reasonableness with deference, the focus being on whether the sentence fails to achieve the purposes of sentencing, as enumerated in § 3553(a)).[6] Here, however, Petitioner was sentenced before *Booker* was decided, under a mandatory guideline scheme. Petitioner's claim of procedural unreasonableness must therefore be considered in the context of pre-*Booker* precedent, as *Booker* does not have retroactive

---

[6] Post *Booker*, a presumption of reasonableness may be applied to sentences within the applicable guideline range. *Rita v. United States,* 127 S.Ct. 2456, 2462-63 (2007).

application.[7] Under that precedent, there was no procedural error and Petitioner's attorney was not ineffective in failing to argue this issue before the district court or on appeal.

Pre-*Booker*, precedent in this Circuit did not require a recitation of the § 3553(a) factors by a sentencing court. *United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir. 2005):

> Likewise, in pre- *Booker* sentencing cases, which involved consideration of the § 3553(a) factors in motions to reduce a sentence, this Court explicitly stated that a district court need not specifically mention each § 3553(a) factor. See, e.g., *United States v. Eggersdorf,* 126 F.3d 1318, 1323 (11th Cir. 1997) (reviewing defendant's motion to reduce sentence and stating that "when-as here-the record shows that the district court considered the pertinent section 3553(a) factors, the district court does not abuse its discretion in declining to detail its determinations"); *United States v. Brown,* 104 F.3d 1254, 1256 (11th Cir. 1997) (reviewing defendant's motion to reduce sentence and stating that "[a]lthough the district court did not present particular findings on each individual factor listed in 18 U.S.C. § 3553, the court clearly considered those factors and set forth adequate reasons for its refusal to reduce Brown's sentence"); *United States v. West,* 898 F.2d 1493, 1503 (11th Cir. 1990) ("[N]othing in the Sentencing Reform Act or the Federal Rules of Criminal Procedure requires the district court to cite on the record that it has explicitly considered each of the factors listed in 18 U.S.C. § 3553(a).").

Accordingly, counsel's failure to expressly argue the § 3553(a) factors, object on the basis of procedural error, or to raise this issue on appeal could not have been deficient performance. An attorney is not ineffective in failing to raise a claim without merit. *See Freeman v. Attorney General, State of Florida,* 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001)); *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992)(citing *United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000).

Further, Petitioner cannot show that his attorney's failure to object to the perceived procedural error and/or raise it on appeal resulted in actual prejudice to him. He therefore cannot

---

[7] Neither *Blakely* nor *Booker* apply retroactively on collateral review. *Varela v. United States,* 400 F.3d 864, 867 (11th Cir. 2005), *cert. denied,* 126 S.Ct. 312 (2005).

overcome his procedural default on the issues of procedural and substantive unreasonableness. A review of the sentencing hearing transcript reflects that although § 3553(a) was not referred to by either Petitioner's attorney or this Court, it is apparent that the § 3553(a) factors were considered by this Court before imposing sentence. *See United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006) (finding that the district court considered § 3553(a) factors where the parties' arguments and PSI's calculations outlined them).

During sentencing, Petitioner's attorney expressly referenced Petitioner's wife and five children, which this Court acknowledged (CR Dkt. 230 at 8). Petitioner's attorney argued for a mitigating role adjustment pursuant to USSG § 1B1.1, both in his Sentencing Memorandum and during the sentencing hearing. He thoroughly discussing the nature and circumstances of the offense and Petitioner's role as a mere crewman on the go-fast boat. (CR Dkt. 164; Dkt. 230 at 9-13). Counsel also requested a downward departure pursuant to USSG § 5K2.0. (*Id.*) Petitioner's attorney requested the minimum sentence under the applicable guideline range. (*Id.* at 62).

In denying Petitioner's motion for mitigating role adjustment and his motion for a § 5K2.0 downward departure, this Court expressly addressed the nature and circumstances of the offense and Petitioner's role as a mere crewman in the offense, as compared to those who owned the cocaine and planned the venture. (CR Dkt. 230, at 52-58). Significantly, before imposing sentence, this Court adopted the comprehensive Pre-Sentence Report (PSR), which summarized the Petitioner's history and characteristics and discussed each of the § 3553(a) sentencing factors. While this Court did not specifically reference § 3553(a) before imposing sentence, it discussed several of the sentencing factors enumerated therein. For example, in response to Petitioner's request that he not be discriminated against because of his Columbian nationality, this Court expressly referenced

Petitioner's background and rejected any consideration of his nationality. (CR Dkt. 230, at 63). This Court expressly referenced Petitioner's background and the jury's finding that Petitioner had "violated the laws of this country." It is apparent, therefore, that this Court did consider, either expressly or implicitly, several of the § 3553(a) factors, including Petitioner's history and characteristics, the nature and circumstances of the offense, and the need to impose a sentence which reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense. Consistent with Petitioner's attorney's request, after expressly stating that it had "considered all of these matters," this Court imposed a sentence at the low end of the (then) mandatory guideline range, as Petitioner's attorney had requested. (CR Dkt. 230, at 63).

Pre- *Booker*, "[a]n indication that the district court has considered a defendant's arguments and the § 3553(a) factors is sufficient." *See United States v. Nunez*, 202 Fed. Appx. 439, 442 (11th Cir. 2006) (quoting *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)). Here, as in *Nunez*, "the district court did not explicitly mention the § 3553(a) factors, but they were included in the report and recommendation from the probation officer and were implicated in the arguments of the parties before the court." *United States v. Nunez*, 202 Fed. Appx. at 442. Accordingly, Petitioner's claim of procedural unreasonableness is without merit, and Petitioner's attorney was not ineffective in failing to object on this ground or raise the issue on appeal. It follows that his attorney's omission resulted in no actual prejudice to Petitioner. The claim is therefore procedurally defaulted.

Even if this claim is not procedurally defaulted, Petitioner's contention that his sentence was substantively unreasonable is without merit. Petitioner was sentenced at the low end of the applicable guideline range. That guideline range was correctly calculated by the sentencing court. There was no factual or legal basis for a downward departure. Petitioner makes no showing that his sentence was procedurally or substantively unreasonable.

Petitioner claims in his Reply that under *Rita v. United States* and *Booker v. United States*, his sentence is unreasonable. (CV Dkt. 11). Petitioner's contention necessarily assumes that the holdings in *Booker* and *Rita* are retroactive. In this regard, Petitioner is mistaken. "For a new rule to be retroactive to cases on collateral review . . . the Supreme Court itself must make the rule retroactive." *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (citing *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001)). *Booker* has no retroactive application on collateral review. *Varela v. United States, supra*. Likewise, the Supreme Court has not declared that Rita to be retroactive to cases on collateral review.[8] Petitioner's *Rita* claim is therefore denied.

**Ineffective assistance of counsel**

Petitioner contends that his attorney was ineffective in (1) failing to object to the drug quantity on which his sentencing guidelines were calculated, (2) admitting Petitioner's guilt by seeking a mitigating role adjustment, (3) admitting Petitioner's guilt during appellate argument, (4) failing to argue that his sentence was unreasonable, (5) failing to argue *Apprendi/Blakely/Booker*, and (6) failing to ask the sentencing court to consider the § 3553(a) factors.

To prevail on a claim of ineffective assistance of counsel, Petitioner must establish deficient performance on the part of his attorney and prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984). According to *Strickland*, a defendant must first show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

---

[8] Moreover, even considered from a post *Booker* perspective, the sentence would be afforded presumptive reasonableness. *Rita v. United States*, 127 S. Ct. at 2465.

Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)(citing *Strickland*, 466 U.S. at 687). Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his claim necessarily fails. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995); *Strickland v. Washington, supra*. Petitioner fails to make either showing.

As discussed, Petitioner's attorney was not ineffective in failing to argue that his sentence was unreasonable, because it was not procedurally or substantively unreasonable. Likewise, as discussed, Petitioner's counsel was not ineffective in failing to expressly ask the sentencing court to consider the § 3553(a) factors. Petitioner's remaining claims of ineffective assistance of counsel are likewise without merit.

Petitioner's contention that his attorney was ineffective in failing to object to the court's determination of the drug quantity on which his sentencing guidelines were calculated is essentially a complaint that his attorney was ineffective in not anticipating a change in the law resulting from *Blakely* and *Booker*. Generally, however, an attorney does not render ineffective assistance in failing to have anticipated changes in the law as a result of *Apprendi*. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *United States v. Levy*, 391 F.3d 1327, 1334 (11th Cir. 2004). When Petitioner was sentenced, neither *Blakely* nor *Booker* had been decided. *Apprendi* arose from a state court proceeding and had not, at the time of Petitioner's sentencing, been applied by this Circuit to federal sentencings under the then mandatory sentencing guidelines. Indeed, when Petitioner was sentenced, a *Blakely* Sixth Amendment objection to the court determining the quantity of cocaine for which Petitioner was accountable would have been contrary to controlling Eleventh Circuit precedent. *See United States v. Sanchez*, 269 F.3d 1250, 1288 (11th Cir. 2001)(*en banc*). An attorney is not

ineffective in failing to raise a meritless claim. *See Freeman v. Attorney General, State of Florida,* 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001)); *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992)(citing *United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000)). Accordingly, Petitioner's attorney was not ineffective in failing to anticipate and raise an *Apprendi* objection.

Even if Petitioner's counsel should have anticipated those changes in the law, Petitioner cannot establish that he was prejudiced by any deficient performance by his attorney. Notwithstanding his attorney's failure to raise an *Apprendi* claim, as discussed, the Eleventh Circuit expressly addressed and rejected the claimed *Apprendi* error, as well as the claimed *Blakely/Booker* error, adversely to Petitioner and his co-defendants.

Petitioner's contention that his attorney was in some way ineffective at sentencing and on appeal by arguing for a mitigating role adjustment is frivolous. As this Court understands Petitioner's argument, he contends that by seeking a mitigating role adjustment, his attorney effectively admitted Petitioner's guilt. Likewise, as this Court understands Petitioner's argument, he contends that his attorney effectively admitted Petitioner's guilt during oral argument on appeal. Both of these contentions are frivolous at worst and disingenuous at best. Petitioner's guilt had already been determined by the jury.

Certainly, an attorney's effort to reduce his client's sentencing exposure by contending that the facts supported a downward adjustment based on mitigating role cannot be considered unreasonable advocacy or deficient performance. Likewise, Petitioner's attorney's oral advocacy on appeal in the context of the issues raised cannot even remotely be considered unreasonable performance. Finally, Petitioner cannot even arguably show prejudice. To establish prejudice, a

petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* There is not reasonable probability that the result would have been different.

### Evidentiary hearing

An evidentiary hearing on Petitioner's claims is not required because it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the Petitioner is not entitled to relief." *Broadwater v. United States,* 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentencing Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 4th day of June, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner/pro se
Counsel of Record